**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BARBARA R. BURNS,

Plaintiff,

v.

CITY OF APPLE VALLEY,

Defendant.

Civil No. 00-2638 (JRT/FLN)

**ORDER**

---

Barbara R. Burns, 980 Main Street, Hackensack, NJ 07601, *pro se* plaintiff.

Paul D. Reuvers, ERSTAD & RIEMER, 3800 West 80th Street, Ste 1000, Minneapolis, MN 55431-4409, for defendant.

This matter is before the Court on plaintiff's affidavit of prejudice and objection to jurisdiction of the magistrate judge. For the reasons that follow, plaintiff's motion is denied.

**BACKGROUND**

On December 4, 2000, plaintiff's complaint was filed and assigned to Chief United States District Judge Paul A. Magnuson and United States Magistrate Judge Jonathan G. Lebedoff. On December 5, 2000, Chief Judge Magnuson recused himself from this matter pursuant to 28 U.S.C. § 455. This case was then reassigned, by random selection, to United States District Judge John R. Tunheim and Chief United States Magistrate

FILED FEB 0 7 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

Judge Franklin L. Noel, which is the regular procedure for assigning cases in the United States District Court of Minnesota.

On December 22, 2000, plaintiff filed a motion for order to show cause. On January 22, 2001, the Court referred plaintiff's motion to Magistrate Judge Noel pursuant to 28 U.S.C. § 636(b)(1)(B). On January 24, 2001, Magistrate Judge Noel ordered plaintiff to show cause why her complaint should not be dismissed as having been filed in violation of Judge Rosenbaum's order dated March 24, 1995. The following day, plaintiff filed this affidavit of prejudice and objection to jurisdiction of the magistrate judge, which the Court now addresses.

**ANALYSIS**

Plaintiff raises two objections in her affidavit before the Court. Plaintiff first objects to the jurisdiction of the Magistrate Judge, claiming that she is entitled to have an Article III judge hear her case. Plaintiff also objects to the specific assignment of Magistrate Judge Noel on the basis that he is biased towards plaintiff and therefore cannot impartially decide her case.

As to plaintiff's first objection, the Court finds that the magistrate judge's jurisdiction over plaintiff's motion for an order to show cause is proper. Federal law permits an Article III judge to refer certain matters, including the matters raised in plaintiff's December 22, 2000 order to show cause, to a magistrate judge for his findings and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). Once the Magistrate Judge issues his recommendation, the matter will be reviewed by this Court. Additionally, plaintiff

will have an opportunity to object to any or all parts of the Magistrate Judge's recommendation, which the Court will review *de novo.*[1] The Court assures plaintiff that her constitutional right to an Article III judge is adequately protected.[2] Plaintiff's objection to the magistrate judge's jurisdiction is thus overruled.

The Court also overrules plaintiff's objection concerning the Magistrate Judge's alleged prejudice towards plaintiff. It is well established that in order to disqualify, a judge's alleged prejudice or bias must be personal and derive from extrajudicial sources. *Davis v. Commissioner of Internal Revenue,* 734 F.2d 1302, 1303 (8th Cir. 1984); *United States v. Anderson,* 433 F.2d 856, 860 (8th Cir. 1970) ("Bias and prejudice must stem from some extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case."). A party seeking disqualification carries a heavy burden of proof; a judge is presumed to be impartial and the moving party bears a substantial burden to prove otherwise. *Pope v. Federal Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). Plaintiff's vague and conclusory allegations fall short of satisfying this standard. *See Anderson,* 433 F.2d at 860 (affidavit of prejudice

---

[1] 28 U.S.C. § 636(b)(1) provides:

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

[2] Plaintiff's consent to waive her right to an Article III judge would be required only if the parties agreed to have the Magistrate Judge conduct all proceedings and order the entry of judgment pursuant to 28 U.S.C. § 636(c).

must allege specific facts and not mere conclusions or generalities); *see also* 28 U.S.C. § 144. Plaintiff's objection is thus overruled.

**ORDER**

Based on the files, proceedings and record herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's affidavit of prejudice and objection to jurisdiction of magistrate judge [Docket No. 12] is **DENIED;** and

2. Pursuant to plaintiff's request, the Clerk of Court is directed to **SEAL and MARK AS IN CAMERA** plaintiff's affidavit of prejudice and objection to jurisdiction of magistrate judge [Docket No. 12].

Dated: 2/7/2001
at Minneapolis, Minnesota

JOHN R. TUNHEIM
United States District Judge