UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara R. Burns,

Plaintiff,

vs.

City of Apple Valley, its employees, agents, and attorneys; Bruce Erickson; Michael Marben; and Donald Gudmondson,

Defendants.

Case No. 00-2638 JRT/FLN

**ORDER**

---

Barbara Burns, pro se, and Andre Zdrazil for Plaintiff.
Paul Reuvers for the City of Apple Valley, its employees, agents, and attorneys.
Andrea G. White for Dakota County and Donald Gudmondson.

---

## I. BACKGROUND

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 13, 2001, on the following motions: Plaintiff's Motion for a Continuance, and for Sanctions Against Attorney Paul D. Reuvers, for Costs and Fees [#36]; Plaintiff's Motion for a Continuance of Summary Judgment [#48]; Defendant City of Apple Valley's Motion to Quash Subpoenas [#31]; Plaintiff's Motion in Opposition and for Continuance of Defendant Donald C. Gudmundson's Motion for Summary Judgment and for Other Relief [#38]; Plaintiff's Motion for Order to Show Cause Why Gudmundson and Defense Counsel Should Not Be Held in Contempt for Disobeying Subpoena [#63]; and Plaintiff's Motion for Order to Show Cause Why Defendants Marben, Erickson, Hills and Defense Counsel Should Not Be Held in Contempt for



FILED MAY 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Disobeying Subpoena [#65].

## II. ANALYSIS

### A. Plaintiff's Motions to Hold Defendants in Contempt for Disobeying Subpoena [#63 and #65]

On March 20, 2001, the Clerk of the United States District Court issued subpoenas duces tecum directing Defendants Marben, Erickson, Hills, and Gudmundson, to appear at a Kinko's store in Woodbury, Minnesota, on April 9 and 10, 2001, for depositions. Affidavit of Andre Zdrazil at 1. Defendants were served with the subpoenas on March 21, 2001. Id. at 2. They did not appear for their depositions. Id. On March 23, 2001, however, Defendants Marben, Erickson, and Hills, filed a Motion to Quash Subpoenas. See Docket No. 31. Defendant Gudmondson filed a similar motion on March 28, 2001. See Docket No. 43.

Plaintiff moves to hold Defendants Gudmondson, Marben, Erickson, and Hills, and their attorneys, in contempt for disobeying the subpoenas. Plaintiff's Motions fail because the filing of a motion to quash permits a subpoenaed witness to disregard the subpoena until the motion to quash is decided. Pennwalt Corp. v. Durrand-Wayland, Inc., 708 F.2d 492 (9th Cir. 1983)(non-party not responsible for attorney fees incurred when it failed to comply with a subpoena because objection was filed prior to district court ordering compliance); In re Exxon Valdez, 142 F.R.D. 380 (D.C. D.C. 1992)(contempt sanctions were not applicable when a nonparty timely objected to a subpoena duces tecum).

Accordingly, Plaintiff's Motions for Contempt for Disobeying Subpoenas must be denied.

**B. Other Non-Dispositive Motions**

As the Court recommends in the Report and Recommendation filed with this Order that Defendants' Motions for Summary Judgment be granted, the remaining non-dispositive Motions in this case are denied.

## III. ORDER

1. Plaintiff's Motion for a Continuance, and for Sanctions Against Attorney Paul D. Reuvers, for Costs and Fees [#36] is **DENIED**;
2. Plaintiff's Motion for a Continuance of Summary Judgment [#48] is **DENIED**;
3. Defendant City of Apple Valley's Motion to Quash Subpoenas [#31] is **GRANTED**;
4. Plaintiff's Motion in Opposition and for Continuance of Defendant Donald C. Gudmundson's Motion for Summary Judgment and for Other Relief [#38] is **DENIED**;
5. Plaintiff's Motion for Order to Show Cause Why Gudmundson and Defense Counsel Should Not Be Held in Contempt for Disobeying Subpoena [#63] is **DENIED**;
6. Plaintiff's Motion for Order to Show Cause Why Defendants Marben, Erickson, Hills[1] and Defense Counsel Should Not Be Held in Contempt for Disobeying Subpoena [#65] is **DENIED**.

DATED: May 11, 2001

Franklin L. Noel

FRANKLIN L. NOEL
Chief Magistrate Judge

[1]Hills is not named as a Defendant in this case. To the extent that any of Plaintiff's Motions pertain to Hills, the Court refrains from ruling upon them.