UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara R. Burns,

Plaintiff,

vs.

City of Apple Valley, its employees, agents, and attorneys; Bruce Erickson; Michael Marben; and Donald Gudmondson,

Defendants.

Case No. 00-2638 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Barbara Burns, pro se, and Andre Zdrazil for Plaintiff.
Paul Reuvers for the City of Apple Valley, its employees, agents, and attorneys.
Andrea G. White for Dakota County and Donald Gudmondson.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 17, 2001, on the following motions: Defendant City of Apple Valley et al.'s Motion for Summary Judgment [#20], referred to the Court by Judge John R. Tunheim of the United States District Court for the District of Minnesota on March 15, 2001 [#25]; Defendant Donald Gudmundson's Motion for Summary Judgment [#23], referred by Judge Tunheim on March 16, 2001 [#28]; and Plaintiff's Motion for Order to Show Cause Why Defendants' State Court Claims Should Not Be Dismissed and Why an Injunction Against Defendant Should Not Be Issued [#3], referred by Judge Tunheim on January 22, 2001 [#9].

In this action, Plaintiff seeks relief under 42 U.S.C. § 1983 for Defendants' alleged deprivation of her constitutional rights. Plaintiff alleges a pattern of deprivation reaching back to



FILED MAY 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

at least 1992, but primarily centered around her arrest on December 4, 2000, for failing to appear in court on charges that she had violated the ordinances of the City of Apple Valley, Minnesota (hereinafter "Apple Valley"). Having considered the arguments and submissions of counsel, the Court recommends that Defendants' dispositive motions be granted, and that Plaintiff's Motion for Order to Show Cause be denied.[1]

## I. BACKGROUND

The facts supporting the Complaint are presented herein in the light most favorable to Plaintiff, the non-moving party in Defendants' summary judgment motions. See Rabushka, ex rel. United States v. Crane Co., 122 F.3d 559 (8th Cir. 1997). Plaintiff alleges that in June, 1992, Apple Valley police entered her home without a warrant, treated her rudely, and stepped on her foot. Complaint at 2. She further alleges that her complaint regarding this incident was ignored by the police department. Id. at 2-3. Further, in September, 1992, another Apple Valley official rang Plaintiff's doorbell repeatedly and would not leave when asked to do so. Supplemental Aff. of Barbara Burns.

Additional harassment allegedly occurred in 1995, when Apple Valley Police Sergeant Dan Sams allegedly provided false testimony in a civil action involving Plaintiff and the R.A. Ungerman Construction Company. Complaint at 3.

---

[1]On January 24, 2001, the Court issued an Order to Show Cause requiring Plaintiff to demonstrate in writing why her complaint should not be dismissed as having been filed in violation of Judge Rosenbaum's order of March 24, 1995. The Court expresses no opinion as to whether Plaintiff has successfully demonstrated that her case should not be dismissed. Instead, it will address Plaintiff's claims on their merits.

In 1998, Apple Valley officials entered Plaintiff's property unnecessarily while searching for oak wilt. Id. In addition to crossing her property, city officials parked in Plaintiff's driveway and rang her doorbell. Id. at 4. When Plaintiff complained about this intrusion to the police, no action was taken. Id. Discussions with other City officials eventually led to an agreement that City officials would only enter Plaintiff's property on prior arrangement, an alleged agreement to which the City never adhered. Id. at 5.

On August 4, 1999, an Associate Planner for Apple Valley, acting in response to complaints from other residents of Apple Valley, observed an illegally parked Geo Prizm automobile and an "old discarded carpet" in the yard of Plaintiff's home. Exhibit A to the Affidavit of Paul D. Reuvers at 1-2. One week later, the City sent a letter to Plaintiff notifying her that the automobile was in violation of the City Code because it was not parked on an asphalt or other hard surface. Id. The letter also noted that the carpet violated the Code because it was not stored either in a proper container, in an enclosed building, or otherwise out of sight. Id. Another compliance inspection was scheduled for August 23, 1999. Id.

Plaintiff's mother, Renee A DeFina ("DeFina") requested an extension of time to bring the vehicle into compliance on August 22, 1999. Exh. A to the Affidavit of Paul D. Reuvers at 1-2. The City agreed to an extension and gave Plaintiff until September 8, 1999, to bring the vehicle into compliance. Id. The vehicle was not in compliance on that date. Id. The City granted a second extension, until September 27, 1999. Id. An inspection performed on that date revealed that the property was still not in compliance. Id.

On November 22, 1999, a Criminal Complaint was issued in Apple Valley against Plaintiff alleging unlawful parking of a vehicle in violation of Apple Valley City Code §§A1-62(b); unlawful storage of waste material, debris, refuse, or garbage in violation of Apple Valley City Code § 11-11; and unlawful storage of an abandoned motor vehicle in violation of Apple Valley City Code § 19-70. Id. The Complaint required Plaintiff to appear in Dakota County District Court at 1:30 p.m. on December 16, 1999. Id. Plaintiff failed to do so, and a warrant for her arrest was issued on December 30, 1999. Exh. D to the Aff. of Paul D. Reuvers.

On November 26, 1999, Plaintiff filed a Notice of Removal purportedly removing the ordinance violation action to the United States District Court for the District of Minnesota. Exhibit B to the Affidavit of Paul D. Reuvers. Plaintiff's basis for removal was her counterclaim against the City of Apple Valley under 42 U.S.C. § 1983. Id. Plaintiff alleged that her constitutional rights were violated through unlawful search and seizure, malicious prosecution, and abuse of process, including perjured legal process and criminal "complaints" brought without probable cause. Id. at 1-2. In particular, Plaintiff alleged that Apple Valley has withheld pertinent records from her in violation of the Minnesota Government Data Practices Act, and made ex parte contact with a district court in violation of the Minnesota Rules of Court. Supplemental Affidavit of Barbara Burns at 2.

On December 30, 1999, Chief Judge Paul A. Magnuson of the United States District Court responded to inquiries from Plaintiff by noting that there was no pending case in federal court at that time. Exhibit C to the Affidavit of Paul D. Reuvers.

Plaintiff states that police came to her house in February, 2000, stated that they had a warrant, and harassed her son. Plaintiff's Motion for Order to Show Cause at 3. The Court

infers from this statement that at least one attempt was made to arrest Plaintiff during 2000.

Almost a year passed before Plaintiff filed the instant Complaint on December 4, 2000, at 3:30 p.m. Amended Complaint of Barbara Burns at 2. Less than four hours later, law enforcement officers from the City of Apple Valley executed the arrest warrant obtained the previous year. Id. Plaintiff denied the arresting officers access to her residence until they threatened to "break the door down." Id. at 3. Plaintiff alleges that the officers twisted her arms as they handcuffed her, causing abrasions, injuries to her wrists, and trauma. Id. at 4. At the time of her arrest, the officers did not produce an arrest warrant or advise Plaintiff of her Miranda rights. Id.

Plaintiff was taken to the headquarters of the Apple Valley Police Department. Id. She alleges that she was told that she would only be permitted to use a telephone if she was "nice" to the officers. Id. Although she was set free on bail, she alleges that her release was delayed for an unreasonable amount of time. Id.

Plaintiff attempted to take direct appeal of the various orders entered in her state criminal case to the Minnesota Court of Appeals on January 17, 2001. Exhibit F to the Affidavit of Paul D. Reuvers. In her appeal, Plaintiff essentially alleged violation of her constitutional rights and unclean hands on the part of the instant Defendants. Id. The Minnesota Court of Appeals dismissed the appeal as untimely given that no final judgment had yet been entered in the state criminal proceeding. Exhibit G to the Affidavit of Paul D. Reuvers. On February 6, 2001, the same court rejected as "completely without merit" Plaintiff's claim that an order in her state criminal proceeding had been entered by a disqualified judge. Exhibit H to the Affidavit of Paul D. Reuvers.

## II. ANALYSIS

### A. Defendants' Motions for Summary Judgment

#### 1. Standard of Review

A court will grant summary judgment if the record presents no genuine issues of material fact when the facts are viewed in the light most favorable to the non-moving party. Rabushka, ex rel. United States v. Crane Co., 122 F.3d 559 (8th Cir. 1997). The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A party opposing a motion for summary judgment "may not rest upon the allegations or denials of its pleadings; rather, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial'." Holowaty v. McDonald's Corp., 10 F.Supp.2d 1078, 1082 (D.Minn. 1998)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 256) and Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

#### 2. Elements of a 42 U.S.C. § 1983 Claim

Plaintiff's federal claims are brought under 42 U.S.C. § 1983. Successful proof of a claim under 42 U.S.C. § 1983 requires that Plaintiff demonstrate: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived Plaintiff of rights, privileges or immunities secured by the Constitution of the

United States. Bahr v. Martin County, 771 F.Supp. 970, 974 (D.Minn. 1991). Section 1983 claims must identify a specific constitutional right that was allegedly deprived under color of state law. Id. at 975.

### 3. Summary Judgment Should Be Granted in Favor of Defendant Gudmundson

Plaintiff fails to demonstrate any way in which Defendant Gudmundson may be found liable. As the head of the Dakota County Sheriff's Office, Defendant Gudmondson did not participate in Plaintiff's arrest, was not in command of the arresting officers, and is unconnected in any way with the Apple Valley Police Department. Nor was Defendant Gudmundson associated with any of the other alleged bases for Plaintiff's claims. Gudmundson may only be found liable if he was directly involved in the action depriving Plaintiff of her constitutional rights.A defendant in a 42 U.S.C. § 1983 action is only liable if he or she was personally involved in the alleged violation. Williams v. Kelso, 201 F.3d 1060 (8th Cir. 1999)(supervisory official could not be held liable for other person's misconduct absent any "sufficient personal involvement" or "tacit authorization" of conduct complained of); Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998)(defendants in § 1983 actions are liable for personal acts only), citing Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Even if Plaintiff had demonstrated that Gudmundson occupies a position within the Apple Valley Police Department, respondeat superior does not provide a basis for recovery under 42 U.S.C. § 1983. Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 1202 (1989); Miller v. Compton, 122 F.3d 1094 (8th Cir. 1997); In re Scott County Master Docket, 672 F.Supp. 1152 (D. Minn. 1987).

Therefore, Defendant Gudmundson's Motion for Summary Judgment must be granted.

**4. Summary Judgment Should Be Granted in Favor of Defendant Erickson**

Plaintiff fails to allege direct action on the part of Defendant Erickson. See Complaint and Amended Complaint. Erickson took no part in her arrest and is alleged to have harmed Plaintiff in only one way: by failing to provide her with a copy of her arrest warrant in violation of the Minnesota Government Data Practices Act ("MGDPA"). See Complaint. Plaintiff only argues, however, that the MGPDA claim is a violation of state law, not a deprivation of her constitutional rights. Id. at 9. Accordingly, even if Erickson had violated the MGPDA, such a violation does not provide a basis for liability under 42 U.S.C. § 1983.

In addition, Canton v. Harris relieves Defendant Erickson of any liability under respondeat superior. While Plaintiff does allege that an unnamed city police officer entered her residence on at least two occasions in 2000, this allegation makes no connection to Defendant Erickson directly.

**5. Summary Judgment Should Be Granted in Favor of Apple Valley**

The City of Apple Valley also moves for summary judgment. A municipality may only be liable under 42 U.S.C. § 1983 if the alleged unconstitutional acts implement a municipal policy or are invoked pursuant to a governmental custom. Patzner v. Burkett, 779 F.2d 1363, 1357 (8th Cir. 1985). The custom or policy must be the "moving force" behind the constitutional violation. Id. See also Audio Odyssey, Ltd. v. Brenton First National Bank, 245 F.3d 721 (8th Cir. 2001).

Plaintiff fails to plead that any of Defendants' allegedly unconstitutional acts implemented a municipal policy or invoked a governmental custom, much less that the custom or policy was the "moving force" behind the violation. Although the pleadings describe actions by

members of the Apple Valley Police Department, these actions do not involve governmental policy or custom.

### 6. Summary Judgment Should Be Granted in Favor of Officer Marben

When liberally construed, Plaintiff's Complaint and Amended Complaint allege that Officer Marben violated 42 U.S.C. § 1983 when he arrested Plaintiff on December 4, 2000. In particular, Plaintiff alleges that Officer Marben deprived Plaintiff of her constitutional rights by arresting her without probable cause, applying excessive force in the arrest, falsely imprisoning her, and violating her right to substantive due process under the Fourteenth Amendment. Analysis of these claims demonstrates that they are all without merit.

#### a. Plaintiff's False Arrest Claim Fails

Probable cause to arrest exists if police have, at the moment of arrest, knowledge of facts and circumstances grounded in reasonably trustworthy information that would cause a prudent person to believe an offense is or has been committed by the suspect. See Beck v. Ohio, 379 U.S. 89, 91 (1964). The probable cause determination must be made by looking at all the facts in the "totality of the circumstances" at the time of the arrest. United States v. Clark, 743 F.2d 1255, 1260 (8th Cir. 1984), rehearing denied. If the arresting officer possesses probable cause, then any § 1983 claim stemming from that arrest fails. Anderson v. Franklin County, 192 F.3d 1125, 1131 (8th Cir. 1999)(false arrest claim under § 1983 does not lie where officer had probable cause to make arrest).

Plaintiff argues that she was falsely arrested because an officer serving an arrest warrant in Minnesota must have the warrant in hand in order to effect a valid arrest absent exigent circumstances. To the contrary, Minn. Stat. § 609 states that:

> A peace officer making an arrest may not subject the person arrested to any more restraint than is necessary for the arrest and detention. The peace officer shall inform the defendant that the officer is acting under a warrant, and shall show the defendant the warrant if requested to do so. *An arrest by a peace officer acting under a warrant is lawful even though the officer does not have the warrant in hand at the time of the arrest, but if the arrested person so requests the warrant must be shown to that person as soon as possible and practicable.* A peace officer may lawfully arrest a person when advised by any other peace officer in the state that a warrant has been issued for that person.

Minn. Stat. § 629.32 (emphasis added). The arresting officers knew that an arrest warrant had been issued for Plaintiff's arrest. Section 629.32 clearly states that an arresting officer need not possess the arrest warrant in hand at the time of the arrest. Lack of an arrest warrant in hand, therefore, does not advance Plaintiff's false arrest argument.

The arrest warrant issued in Dakota County on December 30, 1999, establishes probable cause to believe that Plaintiff had committed the offenses alleged in the Complaint, and had failed to appear when she was summoned to court. As Plaintiff's arrest was supported by an arrest warrant, which was itself supported by probable cause, Plaintiff's false arrest claim must fail as to all Defendants.

**b. Plaintiff Fails to State a Claim for Excessive Force**

Plaintiff also claims that the arresting officers exercised excessive force during her arrest.. Excessive force claims are evaluated under a Fourth Amendment reasonableness standard. Foster v. Metropolian Airports Commission, 914 F.2d 1076 (8th Cir. 1990), citing Graham v. Connor, 490 U.S. 386 (1989). Under this standard, the Court must determine whether, judging from the perspective of a reasonable officer at the scene of the arrest, the totality of the circumstances justified the amount of force used. Graham, 109 S.Ct. at 1872. The Eighth Circuit has established additional guidelines for evaluation of excessive force claims:

> In determining whether the constitutional line has been crossed a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

Dale v. Janklow, 828 F.2d 481, 484 (8th Cir. 1987), cert. den., 108 S.Ct. 1486 (1988), quoting Bauer v. Norris, 713 F.2d 408, 412 (8th Cir. 1983). Federal causes of action are established only when a police officer's conduct is "so egregious and reckless that it may be deemed a substantial denial of due process." Dale, 828 F.2d at 485. Only conduct that "shocks the conscience" is actionable. Davis v. Forrest, 768 F.2d 257, 258 (8th Cir. 1985).

Plaintiff only alleges that she sustained abrasions and injuries to both arms and wrists and traumatic shock.[2] Amended Complaint at 5. Applying the Dale factors to the instant case, the need for force during Plaintiff's arrest was no greater than that necessary to place her in handcuffs. There is no evidence that the level of force applied during the arrest exceeded this level. The record does not contain a single medical report describing any injury as a result of the arrest, and there is no evidence that force was applied either maliciously or sadistically for the purpose of causing harm. In sum, the arresting officers' conduct clearly was not egregious or reckless and does not shock the conscience. In fact, the record fails to present Plaintiff's arrest as anything out of the ordinary, and case law demonstrates that far greater applications of force during arrests for similar low-level crimes have not been found to be "excessive." Compare Foster v. Metropolitan Airports Com'n, 914

---

[2]While Plaintiff also contends that the arresting officers applied "excessive force" in general and subjected her to "abusive and threatening treatment and rhetoric," to the extent that they are not redundant, these latter claims are insufficient to create a genuine issue of material fact regarding Plaintiff's claim. See Morton v. Becker, 793 F.2d 185 (8th Cir. 1986)(conclusory allegations of loss of business good will as result of challenged police conduct were insufficient to survive motion to dismiss for failure to state a claim).

F.2d 1076, 1081 (8th Cir. 1990)(excessive force not applied where arrestee on an airport parking violation was forcibly removed from his car, roughed up on the way to a holding cell, and detained for two hours while the arresting officers ran a warrant check on him).

### c. Plaintiff Was Not Falsely Imprisoned Because Her Arrest Was Lawful Under the Fourth Amendment

Plaintiff has also asserted that her rights were violated through false imprisonment at the hands of the arresting officers. As a matter of law, deprivation of liberty pursuant to a valid court order does not constitute false imprisonment. See Occhino v. United States, 686 F.2d 1302 (8th Cir. 1982). This rule holds true so long as the pretrial detention does not constitute "punishment" in the constitutional sense of the word. Bell v. Wolfish, 441 U.S. 520, 536-37 (1979). In order to constitute "punishment," the detention must be severe enough to result in abuse, degradation, or denial of the basic amenities of life. Davis v. Smith, 638 F.2d 66 (8th Cir. 1981)(Pretrial detainee held for sixteen days in unheated "punishment" cell of county jail and slept on concrete floor without wash facilities or a modern toilet); Occhino, 686 F.2d 1302 (no "punishment" where Plaintiff committed to medical facility prior to trial for forty-five days).

It is abundantly clear that Plaintiff's brief detention has absolutely nothing in common with the rigorous deprivations endured by the plaintiffs in Davis and Occhino. The record contains no evidence to suggest that Plaintiff experienced anything other than a brief delay prior to her release on bail. This claim is untenable and must be rejected.

### d. Substantive Due Process

A claim under 42 U.S.C. § 1983 may also lie for deprivation of an individual's right to substantive due process. "Outrageous conduct by law enforcement authorities that 'shocks the

conscience' might violate due process even without a procedural violation." Gunderson v. Schlueter, 904 F.2d 407, 410 (8th Cir. 1990). The level of "outrageousness" required to give rise to a due process violation is "quite high." Id.

The treatment of Plaintiff by Defendants does not shock the conscience and is not outrageous enough to implicate her right to substantive due process. By way of comparison, the Gunderson court found that Gunderson's right to substantive due process was not violated even after he was selectively prosecuted by a personal enemy at the Minnesota Department of Natural Resources. Id. at 408. Gunderson repeatedly resisted the entreaties of undercover DNR agents until, threatened with a significant loss of business, he violated two hunting and fishing laws to the agents' benefit. Id. at 408. The Eighth Circuit held that even though Gunderson had clearly been entrapped, his right to substantive due process was not violated. Id.

The instant Plaintiff's treatment at the hands of Defendants does not remotely approach the treatment of Gunderson by the DNR. Therefore, she cannot prevail on a substantive due process claim.

Accordingly, Defendant Marben's Motion for Summary Judgment should be granted.[3]

---

[3]Plaintiff has also alleged malicious prosecution as a basis for § 1983 relief. Section 1983, however, only provides a remedy for violations of rights expressly secured by federal statutes or the Constitution. Maine v. Thiboutot, 448 U.S. 1, 4 (1980); McNees v. City of Mountain Home, 993 F.2d 1359, 1361 (8th Cir. 1993)(claim for malicious prosecution is not cognizable under § 1983 if it does not allege a constitutional or federal statutory injury). The Eighth Circuit has held that malicious prosecution by itself is not actionable under § 1983 because it does not allege a constitutional injury. Gunderson v. Schlueter, 904 F.2d 407, 409 (8th Cir. 1990). As Plaintiff's other claims do not present a constitutional injury, the malicious prosecution claim must be denied.

**B. The Court Is Precluded from Providing Plaintiff with Her Requested Relief**

In her Motion for Order to Show Cause Why Defendants' State Court Claims Should Not Be Dismissed and Why an Injunction Against Defendant Should Not Be Issued [#3], which was referred to this Court by Order of Judge Tunheim on January 22, 2001 [#9], Plaintiff moves for dismissal of Defendants' state court claims and for an Order enjoining Apple Valley from pursuing its claims of ordinance violations against Plaintiff. Plaintiff argues that her attempted removal of the state court action to this Court should stay the state action. As the Court recommends, however, that Defendants' Motions for Summary Judgment be granted, Plaintiff's motion must be denied as moot.

Even were the Court to consider Plaintiff's motion to enjoin the state court action against it on the merits, it appears that Plaintiff's request for relief must be denied. The federal Anti-Injunction Act, 28 U.S.C. § 2283, states clearly that "A court of the United States may not grant an injunction to stay proceedings in a State Court." Although exceptions to this statute exist, none of them apply in the instant action. Furthermore, the Supreme Court's decision in Younger v. Harris, 91 S.Ct. 746, 401 U.S. 37 (1971), also works to preclude this Court from granting Plaintiff the relief she requests. As is the case with 28 U.S.C. § 2283, it does not appear that any of the exceptions to the holding of Younger v. Harris apply to the facts of the instant action.

**C. Court Declines to Exercise Supplemental Jurisdiction Over State Claims**

As previously described, all of Plaintiff's federal claims must be dismissed, leaving only the counts of the Complaint that sound in state law. Federal district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over it which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3). In this case, it is appropriate for

the Court to decline to exercise supplemental jurisdiction. In doing so, the Court explicitly refrains from expressing any opinion as to the merit of Plaintiff's state law claims.

Accordingly, the remaining state law claims in this case shall be dismissed without prejudice. ACLU v. City of Florissant, 186 F.3d 1095, 1098-99 (8th Cir.1999)(when state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law as a matter of comity).

## III. RECOMMENDATION

Based on the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant City of Apple Valley et al.'s Motion for Summary Judgment [#20] be **GRANTED**;

2. Defendant Donald Gudmundson's Motion for Summary Judgment [#23] be **GRANTED**;

3. Plaintiff's Motion for Order to Show Cause Why Defendants' State Court Claims Should Not Be Dismissed and Why an Injunction Against Defendant Should Not Be Issued [#3] be **DENIED**;

DATED: May 11, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.