**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BARBARA R. BURNS, Civil No. 00-2638 (JRT/FLN)

Plaintiff,

v.

CITY OF APPLE VALLEY;
BRUCE ERICKSON;
DONALD GUDMUNDSON; and
MICHAEL MARBEN,

Defendants.

**MEMORANDUM OPINION AND ORDER**

---

Barbara R. Burns, 13684 Harmony Way, Apple Valley, MN, 55124, *pro se*.

Paul Reuvers, Kafi Cohn, IVERSON REUVERS, LLC, 230 Townline Office Plaza, 8585 West 78th Street, Bloomington, MN, 55438, for defendant City of Apple Valley, its employees, agents and attorneys;

Andrea G. White, Assistant County Attorney; DAKOTA COUNTY ATTORNEY'S OFFICE, Dakota County Judicial Center, 1560 Highway 55, Hastings, MN, 55033, for defendant Dakota County and Donald Gudmundson.

Plaintiff brings this action alleging claims under 42 U.S.C. § 1983 and numerous common law claims, including, malicious prosecution, abuse of process, assault, battery, defamation, invasion of privacy, tortious interference with economic advantage, and intentional infliction of emotional distress. These claims arise out of a series of

FILED JUN 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

encounters between plaintiff and defendants dating back to 1992, but primarily center around her arrest on December 4, 2000 for failing to appear in Dakota County District Court on criminal charges for violations of several city ordinances.

This matter is before the Court on plaintiff's motions for a preliminary injunction, for an order to show cause why defendants should not be held in contempt of court and an order dismissing the state court criminal action against plaintiff.[1] For the reasons set forth below, plaintiff's motions are denied.

**BACKGROUND**

In her complaint, plaintiff chronicles a series of confrontations between her and various employees of the City of Apple Valley stretching over an eight-year period. Beginning in June 1992, plaintiff alleges that Apple Valley police entered her home without a warrant and treated her rudely. She alleges that she filed a complaint with police regarding this incident, but no action was taken. Later that same year, plaintiff maintains that another Apple Valley official rang plaintiff's doorbell repeatedly and would not leave when asked to do so.

Plaintiff also alleges that in 1995, Apple Valley Police Sergeant Dan Sams provided false testimony in a civil action involving plaintiff. In 1998, Apple Valley officials allegedly entered plaintiff's property unnecessarily while searching for oak wilt.

[1] The latter two motions were brought by plaintiff in the course of bringing her motion for a preliminary injunction—the first was raised in plaintiff's reply memorandum to her motion for a preliminary injunction and the second was filed just days before the scheduled motion hearing. Because plaintiff appears *pro se*, the Court will nevertheless consider her motions as part of this Order.

They crossed her property, parked in plaintiff's driveway and rang her doorbell. Plaintiff subsequently filed a complaint with police regarding the incident, but again, she claims her complaint was ignored. Plaintiff states that city officials later agreed they would enter plaintiff's property only on prior arrangement, but that the City has not adhered to that agreement.

**A. State Court Action**

The pertinent facts giving rise to the currently pending state court criminal action against plaintiff begin on August 4, 1999 when an Associate Planner for Apple Valley, acting in response to complaints from other city residents, observed an illegally parked Geo Prizm automobile and an "old discarded carpet" in the yard of plaintiff's home. A week later, the City notified plaintiff by letter that the automobile and carpet were in violation of provisions in the city code and that plaintiff had until August 23, 1999 to bring these matters into compliance with the code.

On August 22, 1999, plaintiff's mother requested an extension of time to comply with the notice, which the City granted. The vehicle was not in compliance on September 8, 1999, the date of the extended compliance period, but officials granted a second extension until September 27, 1999. An inspection performed on that date revealed that the property was still not in compliance.

The City issued a criminal complaint against plaintiff on November 22, 1999, alleging violations of several city code ordinances stemming from plaintiff's failure to

comply with the August 1999 notice.[2] Plaintiff was required to appear in Dakota County District Court on December 16, 1999, which she failed to do.[3] A warrant for plaintiff's arrest was issued on December 30, 1999. The state court criminal action against plaintiff is still pending today, the most recent order from that court being issued on May 2, 2001.[4]

## B. The Federal Lawsuit

Plaintiff filed this action on December 4, 2000. Shortly thereafter, Apple Valley police executed the arrest warrant obtained the previous year and arrested plaintiff. Plaintiff states that she denied the officers access to her residence until they threatened to "break the door down." Plaintiff further alleges that the officers used excessive force in arresting her, twisting her arms as they handcuffed her, causing abrasions injuries to her wrists and trauma. Plaintiff states that the officers did not produce an arrest warrant or advise plaintiff of her *Miranda* rights at the time of her arrest. Thereafter, on January 2, 2001, plaintiff amended her complaint to add these allegations and to add Donald Gudmundson, Bruce Erickson and Michael Marvin as defendants to this suit.

---

[2] Specifically, the complaint alleges unlawful parking of a vehicle in violation of Apple Valley City Code § A1-62(b); unlawful storage of waste material, debris, refuse, or garbage in violation of Apple Valley City Code § 11-11; and unlawful storage of an abandoned motor vehicle in violation of Apple Valley City Code § 19-70.

[3] On November 26, 1999, plaintiff attempted to remove the state court action to the United States District Court for the District of Minnesota, alleging that defendants violated her civil rights pursuant to 42 U.S.C. § 1983. However, by letter dated December 30, 1999, Chief Judge Paul A. Magnuson informed plaintiff that she had not made a proper filing in the federal district court and accordingly, there was no pending case at that time.

[4] The case file number is T2-99-72811.

## ANALYSIS

### A. Preliminary Injunction Motion

In her motion for a preliminary injunction, plaintiff seeks an order: 1) requiring employees, officers, and agents of the City of Apple Valley, as well as defendants Erickson, Marben and Gudmundson to maintain a distance of 200 feet from plaintiff, her family and her Apple Valley residence; 2) enjoining Sharon K. Hills, an attorney for the City of Apple Valley, from prosecuting plaintiff in the Dakota County District Court; and 3) requiring destruction of any and all records created in conjunction with the alleged illegal search and seizure of plaintiff's property and person.

To obtain preliminary injunctive relief, plaintiff must show: (1) a probability of success on the merits; (2) a threat of irreparable harm; (3) that the balance of hardships favors plaintiff; and (4) that granting preliminary relief favors the public interest. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). The party requesting the injunctive relief bears the "complete burden" of proving all the factors listed above. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

Plaintiff's motion for injunctive relief is denied. First, plaintiff has not demonstrated a likelihood of success on the merits of her claims. In her motion papers, plaintiff merely states that she has "made a prima facie showing that she will succeed on the merits of her claims, which have been certified as a civil rights action by the chief

judge of this court," and that sufficient evidence in the trial court record supports Chief Judge Magnuson's view. Such generalized and conclusory statements are insufficient to satisfy plaintiff's burden for the extraordinary remedy of injunctive relief. *See Blango v. Thornburgh,* 942 F.2d 1487, 1493 (10th Cir. 1991) (affirming district court's denial of injunction where plaintiff's arguments in support of motion were conclusory); *Botta v. Scanlon*, 288 F.2d 504, 508 (2d Cir. 1961). It is also significant that Chief United States Magistrate Judge Franklin L. Noel recently recommended granting defendants' motion for summary judgment. *See* May 11, 2001 Report and Recommendation. While the Court intends to conduct a *de novo* review of any objections filed in connection with the Magistrate Judge's Report and Recommendation, *see* 28 U.S.C. § 636(b)(1)(C), the Court finds the Magistrate Judge's findings with respect to plaintiff's substantive claims instructive for purposes of evaluating this prong of the *Dataphase* test.

Most importantly, plaintiff has failed to make the requisite showing of irreparable harm necessary to invoke the equitable powers of the Court. The absence of irreparable injury is alone sufficient grounds for denying plaintiff's motion. *See Dataphase,* 640 F.2d at 114; *Harris v. United States,* 745 F.2d 535, 536 (8th Cir. 1984). Here, the Court is simply not persuaded that the violations plaintiff alleges in her complaint are likely to recur if an injunction is not issued. *See McPhatter v. Cribb,* No. 97-CV-0360, 1997 WL 781860 at *1 (W.D.N.Y. Dec. 11, 1997) ("If irreparable harm is simply 'remote,' 'speculative' or a 'a mere possibility,' the motion must be denied."). In fact, plaintiff stated at the motion hearing that there have been no encounters with police officials since

filing this lawsuit.[5] Plaintiff also appears to have an adequate remedy at law if such violations do occur. *See Frank B. Hall & Co. v. Alexander & Alexander, Inc.*, 974 F.2d 1020, 1025 (8th Cir. 1992) (noting that a preliminary injunction is appropriate only where no adequate legal remedy exists).

The Court also denies plaintiff's request to enjoin the state court criminal proceeding. "'Interference upon state criminal processes is permissible only in those exceptional cases where the injunction is necessary to prevent irreparable injury which is clear and imminent or where the danger of such injury is both great and immediate.'" *Eve Prods., Inc. v. Shannon,* 439 F.2d 1073, 1074 (8th Cir. 1971) (quoting *Eve Prods., Inc. v. Shannon*, 312 F. Supp. 26, 29 (E.D. Mo. 1970)) (citing *Douglas v. City of Jeannette*, 319 U.S. 157, 163 (1943)). In this case, plaintiff alleges that the currently pending prosecution (and any future-filed prosecutions) must be enjoined because such prosecutions are brought against plaintiff in bad faith and for purposes of harassment.[6] To establish bad faith,

---

[5] On May 30, 2001, plaintiff filed with the Court a May 24, 2001 letter from the City of Apple Valley informing plaintiff that a complaint was recently made on her property regarding debris and long grass. The letter cites to the applicable city code provision and requests that plaintiff bring her property into compliance by June 4, 2001. Plaintiff offers this recent correspondence as evidence that the continuing demands and intrusions made by the City are unreasonable and intended to harass her and her family. The Court has carefully reviewed this post-hearing evidence, but finds there are no facts, at this point, to suggest that the City's action, taken in response to a third-party complaint, is anything but legitimate.

[6] Although federal courts are generally precluded from intervening in pending state court proceedings, *see* Anti-Injunction Act, 28 U.S.C. § 2283 and *Younger v. Harris*, 401 U.S. 37 (1971), courts have held that a claim under § 1983 is a recognized exception to § 2283, *see Mitchum v. Foster,* 407 U.S. 225 (1972), and prosecutions brought in bad faith and to harass is a narrowly-recognized exception to *Younger. See Dombrowski v. Pfister,* 380 U.S. 479 (1965).

> [i]t is not enough to show . . . that the prosecutor does not have sufficient evidence to sustain a conviction. To establish [b]ad faith in this context, the plaintiff must demonstrate that the prosecution was brought without a reasonable expectation of obtaining a valid conviction and for purposes of suppressing the exercise of federally protected rights.

*Nevin v. Ferdon,* 413 F. Supp. 1043, 1049 (N.D. Cal. 1976) (citing *Cameron v. Johnson,* 390 U.S. 611, 620-21 (1968)); *Perez v. Ledesma,* 401 U.S. 82, 85 (1971). Here, even viewing the facts in a light most favorable to plaintiff, the Court finds that plaintiff has not satisfied the requisite standard to warrant the highly exceptional step by this Court of intervening in a pending state criminal prosecution. *See Nevin,* 413 F. Supp. at 1050. It is noteworthy that the state court recently concluded that "probable cause that Ms. Burns violated the Apple Valley Ordinances at issue exists."[7] *See* May 2, 2001 Conclusions of Law and Findings of Fact. For these reasons, plaintiff's request to enjoin the state court prosecution is denied.[8]

**B. Motion for an Order to Show Cause as to Why Defendants and their attorneys should not be held in Contempt of Court**

In her reply memorandum to her motion for a preliminary injunction, plaintiff also moves for an order requiring defendants to show cause why they should not be held in contempt for failure to appear in response to a subpoena. Specifically, plaintiff maintains

---

[7] The Court also notes that plaintiff's specific request is to enjoin Sharon K. Hills from prosecuting plaintiff further, yet Hills is not a named-defendant in this case.

[8] The Court also denies plaintiff's final request to suppress the evidence seized as a result of the alleged illegal search and seizure. Both Supreme Court and Eighth Circuit law establish that such relief is unavailable. *See Eve Prods.*, 439 F.2d at 1074; *Stefanelli v. Minard,* 342 U.S. 117 (1951) (holding that "federal courts should refuse to intervene in state criminal proceedings to suppress the use of evidence even when claimed to have been secured by unlawful search and seizure").

that defendants Marben, Erickson, Hills, Gudmundson (and their respective attorneys) violated Minnesota law and the Federal Rules of Civil Procedure by failing to obey subpoenas served upon them on March 21, 2001. The subpoenas directed defendants to appear for depositions at a Kinko's store in Woodbury, Minnesota on April 9 and 10, 2001. It is clear that none of the defendants appeared for their depositions. But, the record reveals that defendants moved to quash the subpoenas prior to the scheduled depositions. As Magistrate Judge Noel made clear in his May 11, 2001 ruling on plaintiff's identical motion, "the filing of a motion to quash permits a subpoenaed witness to disregard the subpoena until the motion to quash is decided." Accordingly, plaintiff's motion is denied.

**C. Motion for an Order to Dismiss with Prejudice Defendants' State Court Action Which Has Been Removed to this Court**

In a separate but related motion to plaintiff's motion to enjoin further prosecution of the state court action, plaintiff requests that the Court dismiss with prejudice the state court proceeding against plaintiff on the basis that she removed that case to federal court on November 26, 1999. Whether or not plaintiff successfully removed the state court action in November 1999 appears to be the source of much debate. *See* May 2, 2001 Conclusions of Law, Order and Memorandum of Law at 15 ("There exists a certain level of confusion regarding the validity of Ms. Burns' attempted removal."). A review of Judge Magnuson's letter and applicable federal removal statutes reveal that plaintiff's attempted removal in November 1999 was defective in several respects.

On December 30, 1999, Judge Magnuson wrote plaintiff regarding her attempted November 26, 1999 removal. In the letter, Judge Magnuson writes:

> As I have previously informed you, you are required to comply with the Rules of Civil Procedure in filing an action in the United States District Court. You have not, to date, made a proper filing and therefore there is no pending litigation in which you are a party in the United States District Court for the District of Minnesota.

Aff. of Paul D. Reuvers in Support of Defendants' Motion for Summary Judgment, Exhibit C. The Court's independent review of the applicable federal removal statutes confirms the correctness of Judge Magnuson's statement.

In her notice of removal, plaintiff cites to 28 U.S.C. § 1441[9] and 42 U.S.C. § 1983 as the basis for removing the state court case. In addition to the fact that § 1441 governs removal of civil cases, not criminal cases, plaintiff's removal fails under the long established "well-pleaded complaint" rule. Under this rule, a case "arises under federal law, *see* 28 U.S.C. § 1331, "'only when a federal question appears on the face of the plaintiff's well-pleaded complaint.'" *Hill v. Chemical Bank,* 799 F. Supp. 948, 950 (D. Minn. 1992) (quoting *Gully v. First National Bank,* 299 U.S. 109 (1936)). In this case, plaintiff's claim under 42 U.S.C. § 1983 could only be raised as a counterclaim to the allegations raised in Apple Valley's state court complaint, which assert only violations of city ordinances. As such, plaintiff's removal under § 1441 was **jurisdictionally** defective. (Emphasis added.) *See Border City Savings & Loan Ass'n v. Kennecorp Mortgage & Equities, Inc.*, 523 F. Supp. 190, 192-93 (S.D. Ohio 1981) ("In short, a

[9] Plaintiff actually cites to **42** U.S.C. § 1441, but the Court presumes plaintiff intended Title 28, not Title 42.

federal question alleged in a counterclaim alleging a federal question does not fall under the purview of 1441(a)).”); *Hill,* 799 F. Supp. at 950 (“Under the well-pleaded complaint rule, a case cannot be removed based on a federal defense to a state law claim . . . .”). [10] Thus, because the state prosecution was not properly removed to federal court in November 1999, plaintiff's motion to dismiss the case on this basis is denied. Two separate and concurrent lawsuits are thus pending at this time—the state criminal action in the Dakota County District Court for charged violations of the city ordinance and this § 1983 civil rights lawsuit filed in December 2000.

### D. Rule 11 Sanctions

Finally, defendants move for an award of $1000 pursuant to Rule 11 of the Federal Rules of Civil Procedure on the basis that plaintiff's motion for a preliminary injunction has no basis in either fact or law. *See* Fed. R. Civ. P. 11(b)(2)-(3).[11] The Court declines to grant defendants' motion at this time. Instead, the Court issues a strong cautionary warning to plaintiff of the need to comply with all the requirements of Rule 11 for any subsequent filings with the Court.

---

[10] Plaintiff's specific reference to 28 U.S.C. § 1441(c), as opposed to § 1441(a), is of no assistance to plaintiff. Section 1441(c) involves removal by third-party defendants and whether removal is proper on the basis of a third-party claim. Such claims were not involved in this case. In any event, the Eighth Circuit has held that removal under § 1441(c) is limited to claims which the plaintiff has brought. *See Lewis v. Windsor Door Co.,* 926 F.2d 729, 732-33 (8th Cir. 1991).

[11] In her reply brief, plaintiff asserts her own motion for Rule 11 sanctions against defendants. Plaintiff's motion is without merit. In any event, plaintiff did not follow proper procedures for initiating a Rule 11 motion. *See* Fed. R. Civ. P. 11(c)(1)(A).

**ORDER**

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff's motion for a preliminary injunction [Docket No. 62] is **DENIED**;

2. Plaintiff's motion by plaintiff for order to show cause why defendants and their attorneys should not be held in contempt of court [Docket No. 80] is **DENIED;**

3. Plaintiff's motion to dismiss with prejudice defendants' state court action, for Rule 11 sanctions, for attorney fees and for costs [Docket No. 80] is **DENIED**.

DATED: June 13, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge