**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

BARBARA BURNS,

Plaintiff,

v.

CITY OF APPLE VALLEY, its employee, agents, and attorneys; BRUCE ERICKSON; MICHAEL MARBEN; and DONALD GUDMONDSON,

Defendants.

Civil No. 00-2638 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DENYING PLAINTIFF'S OTHER MOTIONS**

---

Andre J. Zdrazil, LAW OFFICE, 1208 McLean Avenue, St. Paul, MN 55106; and Barbara R. Burns, *pro se,* 98 Main Street, Hackensack, NJ 07601, for plaintiff.

Paul Reuvers and Kafi Cohn, IVERSON REUVERS, LLC, 230 Townline Office Plaza, 8585 West 78th Street, Bloomington, MN, 55438, for defendant City of Apple Valley, its employees, agents and attorneys;

Andrea G. White, Assistant County Attorney; DAKOTA COUNTY ATTORNEY'S OFFICE, Dakota County Judicial Center, 1560 Highway 55, Hastings, MN, 55033, for defendant Dakota County and Donald Gudmundson.

This matter is before the Court on plaintiff's objections to the Report and Recommendation of Chief United States Magistrate Judge Franklin L. Noel dated May 11, 2001 recommending that defendants' motion for summary judgment be granted.

FILED SEP 2 5 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. SEP
DEPUTY CLERK

Also before the Court are 1) plaintiff's motion for clarification of the Court's June 13, 2001 Order; and 2) plaintiff's motion for joinder of Sharon K. Hills as a defendant in this action and to stay the Court's June 13, 2001 Order denying plaintiff's motion for injunctive relief and other motions. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons that follow, the Court overrules plaintiff's objections and adopts the report and recommendation of the Magistrate Judge. The Court also denies plaintiff's other motions.

## BACKGROUND

Plaintiff brings this action against defendants pursuant to 42 U.S.C. § 1983 for the alleged deprivation of her constitutional rights. While plaintiff alleges a pattern of deprivation reaching back to at least 1992, her allegations primarily arise from her arrest on December 4, 2000 for failing to appear in court on charges that she had violated several Apple Valley city ordinances.[1]

In its Report and Recommendation, the Magistrate Judge recommended that summary judgment be granted in favor of all defendants. Specifically, the Magistrate Judge concluded that plaintiff's claims against defendant Gudmondson, the Dakota County Sheriff, fail because he was not directly involved in the action depriving plaintiff of her constitutional rights and because respondeat superior does not provide a basis for recovery under § 1983. Plaintiff's claim against defendant Erickson failed for reasons

[1] A complete factual summary is contained in the Report and Recommendation of the Magistrate Judge and also in this Court's June 13, 2001 Order denying plaintiff's motion for a preliminary injunction and other motions.

similar to defendant Gudmonson and additionally because plaintiff argued only that Erickson violated plaintiff's state law rights under the Minnesota Government Data Practices Act, not a violation of plaintiff's constitutional rights. The Magistrate Judge further recommended that summary judgment be granted in favor of the City of Apple Valley on the basis that plaintiff failed to plead that the city implemented a municipal policy or invoked a government custom to carry out the alleged constitutional violations as required under § 1983. Finally, the Magistrate Judge determined that even when construed liberally in plaintiff's favor, plaintiff's claims against Officer Marben, the arresting officer on the night in question, fail as a matter of law. Having determined that all of plaintiff's federal claims must be dismissed, the Magistrate Judge declined to exercise supplemental jurisdiction over plaintiff's state law claims and recommended that they be dismissed without prejudice.

## ANALYSIS

### I. Plaintiff's Objections to Report and Recommendation

Plaintiff now objects to the Report and Recommendation on the ground that the Magistrate Judge was biased against plaintiff.[2] Specifically, plaintiff alleges that the Magistrate Judge has evinced a hostile and argumentative tone and demeanor towards plaintiff, has twisted and manipulated the facts for the benefit of the defendants, has trampled upon plaintiff's civil and constitutional rights and has violated the standard for summary judgment by failing to view the facts in the light most favorable to plaintiff.

[2] This is not the first time plaintiff has questioned the Magistrate Judge's impartiality. By Order dated February 7, 2001, the Court denied plaintiff's motion in which she objected to the Magistrate Judge's assignment to this case on grounds of alleged prejudice against plaintiff.

The Court has reviewed plaintiff's allegations against the Magistrate Judge but finds nothing in the record to suggest that the Magistrate Judge was anything but fair and impartial. A review of the Report and Recommendation reveals that the Magistrate Judge stated the facts as they appeared in the record and faithfully adhered to the standards for summary judgment. For example, at the beginning of the background section, the Magistrate Judge expressly stated that "the facts supporting the Complaint are presented herein in the light most favorable to Plaintiff, the non-moving party in Defendants' summary judgment motions." The Magistrate Judge again emphasized the standard of review on summary judgment before analyzing plaintiff's claims and liberally construed plaintiff's allegations throughout his analysis. On this record, the Court finds no evidence of judicial bias and overrules plaintiff's objection.

Plaintiff raises other objections to the Report and Recommendation,[3] however, the Court finds them to be without merit. Plaintiff continues to assert that the City of Apple Valley's prosecution of plaintiff in Dakota County District Court was properly removed to federal court in November 1999. The Magistrate Judge has previously addressed this issue and this Court thoroughly analyzed the issue in its June 13, 2001 Order. The Court reaffirms its earlier decision and will not repeat its analysis here. Plaintiff's other objections are primarily a recitation of the arguments she made to the Magistrate Judge. The Court has reviewed the Report and Recommendation and finds that the Magistrate Judge properly concluded that plaintiff's § 1983 claims against each of the named

---

[3] Even though these objections appear beyond the page limit permitted under the Local Rules, the Court nonetheless considers them. L.R. 72.1(c)(2) ("[a]ll briefs filed under this rule **shall be limited to 10 pages**") (emphasis added.)

defendants fail as a matter of law. Accordingly, the Court overrules plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge granting defendants' motion for summary judgment.

## II. Plaintiff's Other Motions

By separate motion, plaintiff moves for clarification of the Court's June 13, 2001 order. Plaintiff also moves to join Sharon K. Hills, an Apple Valley City Attorney, as a defendant in this action and to stay this Court's June 13, 2001 denying plaintiff's motion for a preliminary injunction and other motions. With respect to plaintiff's motion for clarification, the Court has reviewed its Order and believes its analysis concerning removal of the state court action is clear and that no further comment on the issue is necessary. Finally, because the Court finds that summary judgment is warranted in this case, the Court denies as moot plaintiff's second motion to join Sharon K. Hills and to stay the Court's June 13, 2001 Order.

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 84] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 78]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant City of Apple Valley et al.'s Motion for Summary Judgment [Docket No. 20] is **GRANTED.**

2. Defendant Donald Gudmonson's Motion for Summary Judgment [Docket No. 23] is **GRANTED**;

3. Count I of Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

4. Plaintiff's state law claims asserted in Counts II and III of plaintiff's complaint [Docket No. 1] and Counts I through XIII of plaintiff's first amended complaint [Docket No. 5] are **DISMISSED WITHOUT PREJUDICE.**

5. Plaintiff's Motion for Order to Show Cause Why Defendants' State Court Claims Should Not Be Dismissed and Why an Injunction Against Defendant Should Not be Issued [Docket No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that:

6. Plaintiff's motion for clarification of the June 13, 2001 Order [Docket No. 90] is **DENIED.**

7. Plaintiff's motion for joinder of named defendant Sharon K. Hills, Individually, as necessary party and for stay of June 13, 2001 order and memorandum [Docket No. 91] is **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Sept. 25, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** September 25, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500