**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BARBARA R. BURNS,

Plaintiff,

v.

CITY OF APPLE VALLEY,
BRUCE ERICKSON,
DONALD GUDMUNDSON, and
MICHAEL MARBEN,

Defendants.

Civil No. 00-2638 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER**

---

Barbara R. Burns, 980 Main Street, Hackensack, NJ 07601, *pro se*.

Jon K. Iverson and Paul Reuvers, IVERSON REUVERS, LLC, 230 Townline Office Plaza, 8585 West 78th Street, Bloomington, MN, 55438, for defendants City of Apple Valley, Bruce Erickson, and Michael Marben.

Andrea G. White, Assistant County Attorney; DAKOTA COUNTY ATTORNEY'S OFFICE, Dakota County Judicial Center, 1560 Highway 55, Hastings, MN, 55033, for defendants Dakota County and Donald Gudmundson.

This matter is before the Court on the motion of defendant, the City of Apple Valley ("the City"), for an award of attorneys' fees and for an order to bar the plaintiff, Barbara Burns ("Burns"), from filing what the City considers frivolous litigation. Also before the Court are a number of motions filed by Burns. For the reasons discussed

FILED 3-31-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. 3-31-03
DEPUTY CLERK

below, the Court will grant the City's motion for attorneys' fees and deny Burns's motions.

**BACKGROUND**

This is the latest of many motions to come before the Court in this case, an action under 28 U.S.C. §1983 by plaintiff Burns against the City and its co-defendants for violations of her civil rights. On September 25, 2001, this Court granted the City's and defendant Gudmundson's motions for summary judgment, and dismissed Burns's other claims. *Burns v. Apple Valley*, Civ. No. 00-2638, slip op. (D. Minn. Sept. 25, 2001). Burns appealed to the United States Court of Appeals for the Eighth Circuit, and on March 13, 2002, that court dismissed Burns's appeals because she "consistently declined" to participate in filing briefs to the court. *See Burns v. City of Apple Valley*, 30 Fed. Appx. 670 (8th Cir. 2002). Burns filed petitions for rehearing and rehearing en banc, but the Eighth Circuit denied these on April 17, 2002. With final judgment now entered,[1] the City moves for attorneys' fees, arguing that Burns's litigation of this case was frivolous. The City also seeks an order barring the Clerk of this Court from filing any pleadings for new lawsuits submitted by Burns, unless the pleadings are signed by an officer of this Court, or unless Burns has received prior consent from a United States Magistrate Judge. In response, Plaintiff has filed motions to strike the City's motion, to dismiss for lack of personal jurisdiction, to disqualify this Court, to impose Rule 11

[1] Burns also filed a petition for certiorari with the United States Supreme Court, which was denied on December 16, 2002. *Burns v. City of Apple Valley, Minnesota*, 123 S. Ct. 604 (2002).

sanctions upon the City, and to renew her motion for a preliminary injunction that was denied in June 2001.

## ANALYSIS

### I. The City's Motions

#### A. Attorneys' Fees

Title 42, Section 1988 of the United States Code provides that in any action under § 1983, a district court may award the prevailing party reasonable attorneys' fees. 42 U.S.C. § 1988(b). Courts have interpreted this provision to mean that prevailing defendants may receive attorneys' fees under § 1988 only if the plaintiff's claim was "frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so." *Flowers v. Jefferson Hospital Ass'n*, 49 F.3d 391, 392 (8th Cir. 1995) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (analyzing Title VII)).

As another judge of this Court has noted, the Court is very familiar with Burns's "propensity toward frivolous litigation." *Burns v. R.A. Ungerman Construction Co., Inc.*, Civ. No. 4-95-27, slip op. at 3 & n.1 (D. Minn. Mar. 24, 1995) (citing previous cases in which Burns filed frivolous litigation, excessive motions, and in which sanctions were imposed upon her). This case does little to change the Court's impression. From the start, Burns's allegations were of questionable merit, she has resisted presenting factual or legal bases for her arguments, and she has persisted in filing repetitious motions based on frivolous arguments or issues that have been already disposed. To cite only one example, Burns persists in attempting to remove her Minnesota criminal prosecution to

federal court, ignoring this Court's repeated determinations that such removal is not permitted. The Court finds that Burns's claims in this case were frivolous and unreasonable. The Court further finds that the City's request of $5,600 in attorneys' fees – representing 40 billable hours at $140 per hour – is reasonable and should be granted.

### B. Order Prohibiting Further *Pro Se* Filing

The Court agrees with the City that Burns's propensity for engaging in frivolous litigation is a drain upon the Court's resources and serves to needlessly harass defendants. However, the Order originally entered by United States District Judge James M. Rosenbaum in 1995 remains active and binding upon the Clerk of Court, and it need not be formally reaffirmed here.[2]

## II. Burns's Motions

Burns has responded to the City's motion by moving to strike it. Alternatively, Burns moves 1) to dismiss this case for lack of personal jurisdiction and improper venue; 2) to disqualify this Court; 3) to impose Rule 11 sanctions against defendants; and 4) to renew the motion for preliminary injunction that this Court denied on June 13, 2001. The Court finds all of these motions to be without merit, and will discuss each briefly.

First, the Court denies Burns's motion to strike the City's motion. Burns claims that the City's motion is improper because it was filed beyond the deadlines specified in Local Rule 54.3 of this Court. That rule provides that in cases where parties seek attorneys' fees on grounds other than the Equal Access to Justice Act ("EAJA"), 28

---

[2] It is likely that Burns's present motions were accepted due to a clerical error.

U.S.C. § 2412,[3] motions for attorneys' fees must be brought within thirty days of entry of judgment in a case. In this case, judgment was entered on September 25, 2001. The City filed its motion for fees on April 23, 2002. This is far beyond the deadline set in LR 54.3. That rule, however, permits the Court to excuse failure to comply with the 30-day deadline for "good cause shown." D. Minn. LR 54.3(b)(3). The Court finds that good cause has been shown in this case. Following entry of judgment against her in this case, Burns appealed to the Eighth Circuit, and the Court did not file for attorneys' fees until this appeal had been completely disposed of, with the Court of Appeals denying Burns's petitions for rehearing and rehearing en banc on April 17, 2002. The Court finds that this was a prudent and reasonable decision given the circumstances of this case. Burns has persisted in re-arguing the merits of her case long after they have been addressed and decided against her. Faced with this persistent litigation, the City can be forgiven if it waited until the case was safely concluded before calculating and seeking attorneys' fees. The Court finds that the City has shown good cause for seeking attorneys' fees after the deadline set in Local Rule 54.3, and therefore excuses its failure to comply with the rule.

Burns also argues that the City should not be granted attorneys' fees because it did not prevail on the merits in this case. A review of the record shows that this claim is without merit. The Court granted the defendant's motion for summary judgment, and the case was dismissed by the Eighth Circuit. The City clearly prevailed on the merits. For these reasons, the Court denies Burn's motion to strike.

---

[3] The City does not seek fees under the EAJA, but rather under 42 U.S.C. § 1988.

Second, the Court denies Burns's motion to dismiss for lack of personal jurisdiction or improper venue. Because Burns herself initiated this action in this Court, she may not now be heard to claim that the Court is without jurisdiction over her, or that this is an improper venue. Moreover, even if Burns could somehow be heard on these motions, the proper time for making such motions in this case has long since passed. *See* Fed. R. Civ. P. 12(b), (h).

Third, the Court denies Burns's motion to disqualify itself. Under 28 U.S.C. § 455, a judge must disqualify himself or herself in any proceedings in which his or her impartiality might reasonably be questioned. *Pope v. Federal Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). A party seeking disqualification "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* Section 455 requires that a court deciding disqualification must use an objective standard. This standard "is not a test of whether the judge, or a party, might believe that a bias existed, but whether the 'average person on the street' would question the impartiality of the judge, under the circumstances." *Id.* (quoting *United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir. 1981)). When, as here, the movant presents an affidavit alleging bias, the Court has "an affirmative duty to probe the legal sufficiency of petitioner's affidavit . . . and not to disqualify [itself] unnecessarily." *Davis v. Commissioner of Internal Revenue*, 734 F.2d 1302, 1303 (8th Cir. 1984). Affidavits based on conclusions or opinions are insufficient bases for disqualification. *Id.*

Here, Burns alleges that this Court should be disqualified because it instructed her to respond to the City's motion. For this reason, Burns claims that the Court is "predisposed to the agenda of Defendants . . . [and is] prejudiced against" her. (Burns Aff.) The Court finds that this affidavit is conclusory and does not provide sufficient grounds for disqualification. Ordering Burns to respond to a properly filed motion is a matter of proper Court administration, and indicates no bias for or against any party. Burns also alleges that the Court should be disqualified on the basis of "judicial incapacity" because, Burns claims, the Court failed to understand her pleadings regarding removal of her state court criminal proceeding. This allegation clearly distorts the record. The Court will not repeat its analysis of the removal issue, which has already been addressed by this and other courts. The Court stands by its analysis contained in the Order denying Burns's motion for a preliminary injunction and affirmed in its Order adopting the Magistrate Judge's Report and Recommendation. *See Burns v. Apple Valley*, Civ. No. 00-2638, slip op. (D. Minn. Sept. 25, 2001) (adopting Magistrate Judge's Report and Recommendation); *Burns v. Apple Valley*, Civ. No. 00-2638, 2001 WL 670833 (D. Minn. June 13, 2001) (denying Burns's motion for preliminary injunction). The Court therefore denies Burns's motion to disqualify.

Finally, Burns seeks Rule 11 sanctions against the City, and seeks to renew her motion for preliminary injunction, which the Court denied on June 13, 2001. These arguments merely rehash the merits of Burns's case, which she has argued several times before this and other Courts, and on which she has already lost. There is no need for the

Court to revisit them here, except to state that they provide no basis for the relief that Burns seeks in her motion.

For the foregoing reasons, the Court denies all of Burns's motions.

**ORDER**

Based upon the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant the City of Apple Valley's Motion for Attorney's Fees [Docket No. 101] is **GRANTED**.

2. Plaintiff Barbara R. Burns is ordered to pay to defendant the City of Apple Valley the sum of $5,600.00 in attorneys' fees.

3. Defendant the City of Apple Valley's Motion for an Order to the Clerk of Court to Refuse for Filing Any Pleadings for a New Lawsuit Submitted by Plaintiff [Docket No. 101] is **MOOT.**

4. Plaintiff's Motion to Strike Defendant's Motion or, Alternatively, to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens; for Disqualification of United States District Court Judge John Tunheim; for Rule 11 Sanctions Against Defendants; and for Renewal of Plaintiff's Motion for Injunction [Docket No. 107] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2003
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.