**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

BARBARA R. BURNS,

Plaintiff,

Civil No. 00-2638 (JRT/FLN)

v.

CITY OF APPLE VALLEY,
BRUCE ERICKSON,
DONALD GUDMUNDSON, and
MICHAEL MARBEN,

Defendants.

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Barbara R. Burns, 980 Main Street, Hackensack, NJ 07601, *pro se*.[1]

Jon K. Iverson and Paul Reuvers, IVERSON REUVERS, LLC, 230 Townline Office Plaza, 8585 West 78th Street, Bloomington, MN, 55438, for defendants City of Apple Valley, Bruce Erickson, and Michael Marben.

Andrea G. White, Assistant County Attorney; DAKOTA COUNTY ATTORNEY'S OFFICE, Dakota County Judicial Center, 1560 Highway 55, Hastings, MN, 55033, for defendants Dakota County and Donald Gudmundson.

In December 2000 Plaintiff Barbara Burns ("Burns") filed an action under 28 U.S.C. §1983 against the City of Apple Valley, Minnesota (the "City") and its co-

[1] Burns contends that she is represented by counsel. Although the Court's docket indicates that Andre J. Zdrazil has never formally withdrawn as Burns's attorney in this case, the filings all indicate that Burns has been representing herself, and will therefore be considered a *pro se* litigant.

FILED 5-16-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

defendants for violations of her civil rights. On September 25, 2001, this Court granted the City's and defendant Gudmundson's motions for summary judgment, and dismissed Burns's other claims. *See Burns v. Apple Valley*, Civ. No. 00-2638, slip op. (D. Minn. Sept. 25, 2001). On March 31, 2003, the Court granted the City's motion for attorneys' fees and denied several motions by Burns. Burns has now filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit, and has also filed a motion to proceed *in forma pauperis* on appeal.

Section 1915, Title 28 of the United States Code governs this Court's *in forma pauperis* ("IFP") determination. To grant this status, the Court must find that Burns cannot pay the required filing fee, and that the appeal is taken in good faith. 28 U.S.C. § 1915(a). The statute requires Burns to file an affidavit including a statement of all assets she possesses so that the Court may determine whether she is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). Burns has submitted no such affidavit. Burns's lengthy brief deals almost entirely with the merits of her appeal. She addresses her motion for IFP status only by noting that the U.S. Court of Appeals for the Third Circuit granted her such status in a different matter in 2002, and that her "circumstances" remain "unchanged." This Court is not familiar with the record that was before the Third Circuit in 2002, and in any event such assertions do not satisfy the statutory requirement. Burns's failure to submit an affidavit is therefore sufficient ground to deny her motion.

Even if Burns was unable to pay the required filing fees, the Court finds that her appeal is not taken in good faith. An appeal is not taken in good faith where it is frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Court has already

found that Burns's allegations in this case are "frivolous and unreasonable," and this determination was the basis for the award of attorneys' fees to the City. *Burns v. City of Apple Valley*, Civ. No. 00-2638, slip op. at 4 (D. Minn. March 31, 2003). Therefore, even if Burns had submitted an affidavit showing her inability to pay filing fees, the Court would still deny her motion.

**ORDER**

Based on these findings and all of the files, records, and proceedings therein, **IT IS HEREBY ORDERED** that plaintiff's application to proceed *in forma pauperis* on appeal [Docket No. 115] is **DENIED**.

DATED: May 16, 2003
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge